

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**September 2, 2015 11:53**

By: CHRISTOPHER P. THORMAN 0056013

Confirmation Nbr. 533210

L. ANN KECK                                               CV 15 850595

vrs.

THE CLEVELAND CLINIC FOUNDATION                **Judge:**

JOSE` A. VILLANUEVA

**Pages Filed:** 10

EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **L. ANN KECK,** ) | CASE NO. |
| 607 Hampshire Blvd ) | |
| Avon Lake, OH 44012, ) | |
| ) | JUDGE |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **THE CLEVELAND CLINIC** ) | **COMPLAINT** |
| **FOUNDATION,** ) | |
| c/o its statutory agent: ) | |
| CT Corporation System ) | |
| 1300 East 9th Street ) | |
| Cleveland, OH 44114, ) | **Plaintiff demands a trial by jury on all** |
| ) | **issues triable of right by a jury, pursuant** |
| Defendant. ) | **to Ohio R. Civ. P. 38.** |

## INTRODUCTION

Plaintiff Lissa Ann Keck ("Plaintiff") brings this action against Defendant The Cleveland Clinic Foundation ("CCF") for violations of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA") and Chapter 4112 of the Ohio Revised Code.

## JURISDICTION & VENUE

1.     Plaintiff is an Ohio citizen.

2.     CCF is an Ohio non-profit corporation conducting business in the United States and the State of Ohio, and has continuously had in excess of 100 employees.

3.     Plaintiff is a "person" and an "employee" as defined and used in the FMLA.

4.     Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code.

EXHIBIT A

5.      Defendant is a "person," an "individual," a "covered entity," and an "employer" as defined and used in the FMLA and Chapter 4112 of the Ohio Revised Code.

6.      Venue is proper in Cuyahoga County, Ohio, because, among other reasons, Defendant conducts business in Cuyahoga County and the conduct and injuries giving rise to the claims below arose in Cuyahoga County.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

7.      Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

8.      Plaintiff is fifty-one (51) years old.

9.      CCF employed Plaintiff from 1986 until July 24, 2015, at which time CCF informed Plaintiff it was terminating her employment.

10.     Plaintiff suffers from a serious health condition, including, but not limited to depression and anxiety.

11.     During her employment, Plaintiff notified CCF that she suffered from serious health conditions, including, but not limited to depression and anxiety.

12.     During her employment, Plaintiff notified Defendant of her need for FMLA leave related to her serious health condition.

13.     During her employment, Plaintiff notified Defendant of her need for FMLA leave related to a family member who was suffering from a serious health condition.

14.     During her employment, Plaintiff notified Defendant of her need for FMLA leave to care for a qualifying family member with a serious health condition.

2

EXHIBIT A

15.     At all times relevant to this Complaint, Plaintiff was qualified for the position(s) in which she was employed and for the position for which she applied, was considered or was eligible.

16.     At all times relevant to this Complaint, Plaintiff was able to perform and did successfully perform the duties and responsibilities of the position(s) she held.

17.     Around the time of the termination of Plaintiff's employment and thereafter, CCF had open positions for which Plaintiff was qualified, eligible and/or applied.

18.     CCF refused to reinstate, rehire, transfer or reassign Plaintiff to available positions for which she was qualified.

19.     On or about July 24, 2015, CCF terminated Plaintiff's employment.

20.     CCF did not terminate Plaintiff for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

### FIRST AND SECOND CAUSES OF ACTION
### (Willful Interference and Retaliation in Violation of the FMLA)

21.     Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

22.     While employed by CCF, Plaintiff exercised her rights under the FMLA.

23.     CCF was aware of Plaintiff's serious health condition and the medical necessity of Plaintiff taking medical leave and seeking continuing care for treatment.

24.     Plaintiff was entitled to a period of leave and continuing care under the FMLA.

25.     Plaintiff provided CCF with such notice of her need for leave and continuing care as was practicable under the circumstances.

26.     CCF terminated Plaintiff's employment because she had taken and/or requested a period of leave and continuing care to which she was entitled under the FMLA.

3

EXHIBIT A

27.     Upon information and belief, CCF deviated from its written and unwritten employment policies, practices and procedures, otherwise interfered with, and retaliated against Plaintiff because she had sought leaves of absence to which she was entitled under the FMLA.

28.     CCF unlawfully interfered with and retaliated against Plaintiff because she had a serious health condition and sought to exercise, or attempted to exercise, her rights as provided under the FMLA by taking action against her with respect to the terms, conditions, and privileges of her employment, including but not limited to discriminating and retaliating against Plaintiff, subjecting her to unfair scrutiny, undermining relationships, discriminatorily enforcing its policies and standards, removing her from her position, reassigning her job duties, refusing to transfer, redeploy, recall, or rehire her to positions for which she was qualified, and terminating her employment in violation of the FMLA.

29.     CCF unlawfully interfered with and retaliated against Plaintiff because she sought to exercise, or attempted to exercise, her rights under the FMLA to care for a qualifying family member with a serious health condition by taking action against Plaintiff with respect to the terms, conditions, and privileges of her employment, including but not limited to discriminating and retaliating against Plaintiff, subjecting her to unfair scrutiny, undermining relationships, discriminatorily enforcing its policies and standards, removing her from her position, reassigning her job duties, refusing to transfer, redeploy, recall, or rehire her to positions for which she was qualified, and terminating her employment in violation of the FMLA.

30.     CCF was familiar with the requirements of the FMLA, its procedures and Plaintiff's rights thereunder.

4

EXHIBIT A

31.     CCF knew and/or showed a reckless disregard that its conduct was prohibited by the FMLA. Indeed, CCF's conduct was willful, intentional, and in flagrant disregard of the FMLA.

32.     As a result of CCF's wrongful conduct in interfering with her leave and terminating Plaintiff's employment, Plaintiff has suffered and will continue to suffer damages for which CCF is liable under the FMLA, including, but not limited to, the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

33.     CCF intentionally, willfully and unreasonably violated the FMLA in bad faith. CCF is liable to Plaintiff under 29 U.S.C. § 2617 for interest on the damages and losses described in the preceding Paragraph, liquidated damages, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

### THIRD CAUSE OF ACTION
### (Disability Discrimination in Violation of R.C. Chapter 4112)

34.     Plaintiff incorporates by reference the foregoing as if fully re-alleged herein.

35.     Plaintiff suffered from one or more impairments and serious health conditions and was disabled and/or was perceived or regarded by CCF to be disabled within the meaning of Ohio Revised Code Chapter 4112.

36.     At all times relevant, Plaintiff suffered from a disability within the meaning of Chapter 4112 of the Ohio Revised Code, including, but not necessarily limited to, depression and anxiety.

37.     Plaintiff is a qualified individual with a disability within the meaning of Chapter 4112 of the Ohio Revised Code.

5

EXHIBIT A

38.     Plaintiff was substantially limited in a major life function.

39.     CCF knew of Plaintiff's serious health condition(s), and the medical necessity of Plaintiff taking medical leave related to her disability.

40.     CCF was aware of Plaintiff's disability, had a record of her disability, and regarded her as disabled.

41.     Plaintiff provided CCF with notice of her disability and need for medical leave.

42.     CCF discriminated against Plaintiff on the basis of her disabilities and/or perceived disabilities by failing to initiate an interactive process, failing to provide reasonable accommodations, deciding to terminate Plaintiff, and by deciding to terminate and terminating her employment while she was on leave for her disability.

43.     At or around the time of her termination, Plaintiff could safely and substantially perform the essential functions of her job with or without a reasonable accommodation, and she otherwise met the established requirements of her position and duties.

44.     CCF refused to consider Plaintiff for reinstatement to her former position because of her disabilities and/or perceived disabilities.

45.     CCF has otherwise discriminated against Plaintiff on the basis of disability and/or perceived disability with respect to the terms, conditions and privileges of employment, including, but not limited to, discriminating and retaliating against Plaintiff, subjecting her to unfair scrutiny, undermining relationships, discriminatorily enforcing its policies and standards, removing her from her position, reassigning her job duties, salary and bonuses, terminating her from her position in violation of § 4112.02 and § 4112.99 of the Ohio Revised Code.

6

EXHIBIT A

46.     As a direct and proximate result of CCF's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

47.     CCF's discriminatory actions against Plaintiff were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory, back pay, front pay, liquidated damages, punitive damages and reasonable attorneys' fees and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code and any other legal or equitable relief that this Court deems appropriate.

## FOURTH CAUSE OF ACTION
### (Age Discrimination in Violation of R.C. Chapter 4112)

48.     Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

49.     At all times relevant hereto, Plaintiff was over the age of forty (40).

50.     At all times relevant hereto, Plaintiff was qualified for the positions in which she was employed by CCF.

51.     CCF sought to hire and/or replaced Plaintiff with a substantially younger individual.

52.     CCF retained, transferred, promoted and/or hired substantially younger employees into open positions for which Plaintiff was qualified.

53.     Upon information and belief, CCF has a pattern and practice of making employment decisions, such as hiring and termination decisions, based on age.

54.     Upon information and belief, CCF has a pattern and practice of treating younger employees more favorably than older employees with respect to the terms, conditions and privileges of employment, including, but not limited to, discriminating and retaliating against

7

EXHIBIT A

older employees; subjecting older employees to unfair scrutiny; undermining relationships; discriminatorily enforcing its policies and standards; reassigning job duties; refusing to transfer, redeploy, recall, or rehire older workers to positions for which they are qualified; compensation decisions; promotions; termination and hiring decisions; and decisions concerning employees to retain and/or transfer.

55.    CCF unlawfully discriminated against Plaintiff because of her age by discriminating and retaliating against Plaintiff, subjecting her to unfair scrutiny, undermining relationships, discriminatorily enforcing its policies and standards, removing her from her position, reassigning her job duties, and terminating her employment in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

56.    As a direct and proximate result of CCF's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, pain and suffering, the loss of salary and benefits, and the loss of other privileges and conditions of employment.

57.    CCF's discriminatory actions against Plaintiff were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic compensatory, back pay, front pay, liquidated damages, punitive damages and reasonable attorneys' fees and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code and any other legal or equitable relief that this Court deems appropriate.

## FIFTH CAUSE OF ACTION
### (Retaliation in Violation of R.C. Chapter 4112)

58.    Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

8

EXHIBIT A

59. Plaintiff engaged in protected activity by complaining of discrimination and harassment on the basis of age and disability discrimination and by seeking and taking an accommodation, including, but not limited to, taking medical leave.

60. CCF failed to take prompt, remedial, and appropriate steps to address the unlawful discriminatory treatment of Plaintiff.

61. CCF retaliated against Plaintiff because she opposed discriminatory conduct in violation of Chapter 4112 including by discriminating and retaliating against Plaintiff, subjecting her to unfair scrutiny, undermining relationships, discriminatorily enforcing its policies and standards, reassigning her job duties, unfairly changing the terms, conditions and privileges of her employment, denying her opportunities that were given to candidates who did not engage in protected activity, terminating her employment and denying her salary and bonuses because she complained about unlawful discrimination and because she took a period of medical leave to which she was entitled as a reasonable accommodation.

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer past and future economic and non-economic damages, including, but not limited to, pain and suffering, and the loss of salary and benefits and other privileges and conditions of employment.

63. Defendant's retaliatory actions against Plaintiff in violation of Ohio Revised Code §§ 4112.02 and 4122.99 were willful, in bad faith, conducted with malicious purpose, or conducted in a wanton or reckless manner. Pursuant to Ohio Revised Code § 4112.99, Defendant is liable for past and future economic and non-economic compensatory damages, front pay, back pay, liquidated damages, attorneys' fees and costs, punitive damages, and any other legal or equitable relief that this Court deems appropriate.

9

EXHIBIT A

## PRAYER FOR RELIEF

Plaintiff Lissa Ann Keck seeks an amount in excess of $25,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, back pay, front pay, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

*/s/ Christopher P. Thorman*
CHRISTOPER P. THORMAN (0056013)
cthorman@tpgfirm.com
BRENDAN D. HEALY (0081225)
bhealy@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Phone: 216-621-3500
Fax: 216-621-3422

*Attorneys for Plaintiff Lissa Ann Keck*

10

EXHIBIT A