THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **L. ANN KECK**, | ) | CASE NO.: 1:15-cv-02026 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE CLEVELAND CLINIC** | ) | **PLAINTIFF L. ANN KECK'S MOTION** |
| **FOUNDATION,** | ) | **TO QUASH AND FOR A PROTECTIVE** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff L. Ann. Keck, by and through counsel, respectfully moves this Court for entry of an Order quashing the subpoenas *duces tecum* that Defendant the Cleveland Clinic Foundation ("Defendant" or "CCF") surreptitiously issued to Verizon Legal Compliance ("Verizon") and AT&T (the "Subpoenas")[1] and for a protective order.  Namely, without so much as a call, request, or the required written notice under Civil Rule 45, Defendant served overbroad Subpoenas on Verizon and AT&T seeking information that is private and not relevant to the issues presented in this case.[2] Furthermore, the Subpoenas are improperly imposed for purposes of harassment.

Accordingly, the Court should grant this Motion and issue a protective order to bar production of the documents and information sought by the Subpoenas. To the extent, moreover, Verizon or AT&T produce documents pursuant to the Subpoenas prior to the Court ruling on this

---

[1] A true and accurate copy of the Subpoenas issued to Verizon and AT&T are attached hereto as Exhibit 1 and Exhibit 2, respectively.
[2] Defendant only provided a copy of the Subpoenas to Plaintiff's counsel after Plaintiff requested them from Defendant. Plaintiff only learned of the Subpoenas when Verizon contacted Ms. Keck regarding the request for her personal phone records and private information.

motion, Plaintiff asks the Court to order that any such production be excluded from use for any purpose in this case pursuant to Civ. R. 26.

> */s/ Brendan D. Healy*
> CHRISTOPHER P. THORMAN (0056013)
> BRENDAN D. HEALY (0081225)
>
> THORMAN PETROV GROUP CO., LPA
> 3100 Terminal Tower
> 50 Public Square
> Cleveland, OH 44113
> Phone: 216-621-3500
> Fax: 216-621-3422
> cthorman@tpgfirm.com
> bhealy@tpgfirm.com
>
> *Attorneys for Plaintiff L. Ann Keck*

## MEMORANDUM IN SUPPORT

### I. BACKGROUND

This case arises from Plaintiff's employment as Director of Revenue Recovery at CCF. In or around July 2015, Defendant unlawfully terminated Ms. Keck's employment. Ms. Keck filed her Complaint on September 2, 2015, alleging, among other things, that Defendant interfered with and retaliated against Keck for exercising her rights under the FMLA; discriminating against her based on her disability and age; and retaliating against her when she complained about unlawful discrimination.

On or about July 13, 2016, Defendant surreptitiously issued Subpoenas to Verizon and AT&T seeking a complete set of Ms. Keck's personal cell phone records for the period November 1, 2014 through July 31, 2015. Defendant demanded that Verizon and AT&T produce these documents on or before July 27, 2016. Plaintiff only found out about the Subpoenas when her cellphone provider contacted her just days before the production of documents was due. Only

after Plaintiff's counsel confronted defense counsel about the Subpoenas and lack of notice, did Defendant produce the Subpoenas to Ms. Keck's attorneys.[3]

Defendant violated the notice requirements of Civil Rule 45(A)(3) by not giving written notice or a copy of the Subpoenas before issuing them. Defendant, by intentionally withholding this notice, attempted to prejudice Mr. Keck's ability to object to the Subpoenas and protect her personal and confidential information. This is the very situation Civil Rule 45(A)(3) was designed to guard against.

The Subpoenas are also overbroad and were issued merely to harass Plaintiff. Specifically, the Subpoenas seek, for the period November 1, 2014 and July 31, 2015, billing records, usage records, and records of when Ms. Keck exchanged and received "SMS text messages, picture messages, video messages, and audio-recorded messages or voicemail messages." Essentially, Defendant seeks, without justification, detailed information of every single message and phone call Keck made or received over an eight month period. There is no basis for this improper information grab.

## II.     LAW & ARGUMENT

### A.     **The Information Sought Is Not Relevant and The Subpoenas Are So Overbroad That They Interfere with Plaintiff's Privacy Rights.**

The information sought in the Subpoena is not relevant and therefore is not discoverable under Fed. Civ.R. 26(b). Under Fed. Civ.R. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also "subject to the general relevancy standard applicable to discovery under Fed.

---

[3] *See* attached Exhibit 3.

3

R. Civ. P. 26(b)(1)."[4] Moreover, even if "the documents sought by the subpoena are 'relevant and are sought for good cause,' the Court should not enforce the subpoena when 'the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.'"[5]

The Subpoenas seek documents and information related to Ms. Keck's private cellular and landline phones, including billing statements, call and message logs, and all other information related to her "usage" of her personal phones. This matter, however, concerns the employment relationship between the parties— a request for information related to every phone call Ms. Keck made or received, every text message she sent or received, and all billing and other usage records related to her Verizon and AT&T phone contracts does not meet the standard of Rule 26 of discoverable information.

The Subpoenas are also overbroad, as they seek voluminous information over an eight month period.[6] Defendant claims it needs the records to show Plaintiff sent or received calls or text messages while she was absent on approved, intermittent FMLA leave. This is a red herring, however, as neither the FMLA nor Defendant's policies, prohibits an employee from using telephones or other communication devices while on leave. Notwithstanding, Defendant's Subpoenas seek information related to every telephone call she made/received or message she sent/received, without limitation.[7] The Subpoenas are overreaching and not narrowly tailored to

---

[4] *Recycled Paper Greetings, Inc. v. Davis*, N.D.Ohio No. 1:08-MC-13, 2008 U.S. Dist. LEXIS 10649, at *6 (Feb. 13, 2008), quoting *Laethem Equip. Co. v. Deere and Co*., 2007 U.S. Dist. LEXIS 70740, 2007 WL 2873981, at *4 (E.D. Mich. 2007) (internal quotation omitted).
[5] *Recycled Paper Greetings* at *7 (Feb. 13, 2008), quoting *Chao v. Local 951, United Food and Commercial Workers International Union*, 2006 U.S. Dist. LEXIS 61899, 2006 WL 2380609, at *2 (N.D. Ohio 2006) (citing *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001)).
[6] *See, e.g.*, *United States v. Elsass*, 2012 U.S. Dist. LEXIS 56637, *10 (S.D. Ohio Apr. 23, 2012) (noting courts properly quash subpoenas for overbreadth) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.") (citing Fed. R. Civ. P. 26).
[7] The Subpoenas seek records and information for days Ms. Keck was not schedule or required to work (e.g. holidays, vacations, personal time-off, weekends, etc…).

serve a legitimate purpose. Accordingly, the Subpoenas should be quashed or, in the alternative, a protective order issued against production of the documents sought by the Subpoenas.

### B. The Subpoenas Are Imposed for The Improper Purpose of Harassment.

The Subpoenas are improper for the additional reason that they are imposed for purpose of harassing Ms. Keck. Courts deny discovery that is sought to harass a party.[8] The Subpoenas constitute a gross overreaching by Defendant to ascertain details of Plaintiff's personal life. The Subpoenas do not attempt to exclude information pertaining to Ms. Keck's personal life, including contact information for all her family members, friends, acquaintances, and other individuals. Such information is not discoverable or relevant. Moreover, even if this information were discoverable, it could be sought through less intrusive means. Finally, it is unclear how any of the requested documents or information is relevant to the issues, claims, or defenses in this case. According, the Subpoenas should be quashed.

### C. Defendant Knowingly Ignored the Notice Requirements of Civ. R. 45(A)(3).

Defendants failed to provide notice and a copy of the Subpoenas prior to serving them on Verizon and AT&T; therefore, the Subpoenas are invalid and should be quashed. Federal Civil Rule 45(a)(4) provides:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, ***then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.***[9]

---

[8] *See also Cleveland Clinic Health System-East Region v. Innovative Placements, Inc.*, 2012 U.S. Dist. LEXIS 7275, at *4-5 (N.D. Ohio Jan. 23, 2012) ("In evaluating a motion to quash, the court may consider whether (i) the subpoena was issued primarily for the purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, non-privileged, and crucial to the moving party's case.") (internal quotations omitted).
[9] *See* Fed. Civ.R 45(a)(4) (emphasis added).

Accordingly, Fed. Civ.R 45(a)(4) mandates that notice and a copy of the subpoena be given to all parties before the subpoena is served.

In this case, Defendant never sent a copy of the Subpoenas to Plaintiff's counsel. The undersigned learned about the subpoena after receiving a letter, enclosing the Subpoenas, from Verizon on July 22, 2016. Because Defendant failed to comply with Civ.R. 45, the Subpoenas are defective and should be quashed.

Defendant's failure to comply with the notice requirements, coupled with the overly broad and intentionally harassing nature of the Subpoenas, suggests that Defendant's actions were much more than a mere oversight. Rather, Defendant's actions show a purpose not permitted by the rules.

## CONCLUSION

For the foregoing reasons, Plaintiff L. Ann Keck respectfully requests that the Court grant the instant motion to quash Defendant's August 5, 2016 subpoenas to Verizon Legal Compliance and AT&T or, in the alternative, issue a protective order against production of the documents sought pursuant to Defendant's subpoenas.

Respectfully submitted,

*/s/ Brendan D. Healy*
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com
BRENDAN D. HEALY (0081225)
bhealy@tpgfirm.com
THORMAN PETROV GROUP CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Phone: 216-621-3500
Fax: 216-621-3422

*Attorneys for L. Ann Keck*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 5th day of August 2016. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Further, I certify that a true and accurate copy of the foregoing has been served upon the following via regular U.S. Mail and facsimile transmission this 5th day of August 2016:

Verizon Security Subpoena Compliance
180 Washington Valley Road
Bedminster, NJ 07921
Phone: 800-451-5242
Fax: 888-667-0028

AT&T Subpoena Center
208 S. Akard St., 10th Floor M
Dallas, Texas 75202
Fax: 877-971-6093

*/s/ Brendan D. Healy*
Brendan D. Healy (0081225)